**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIRAT KALAYCI,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br><br>WARDEN, Otay Mesa Detention Center, et al,<br><br>　　　　　　　　　　Respondents. | Case No.:  26-cv-642-BJC-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241;**<br><br>**(2) DENYING MOTIONS TO EXPEDITE AS MOOT [ECF NOS. 13, 19]; AND**<br><br>**(3) DENYING MOTION TO VACATE [ECF NO. 16.]** |

Pending before the Court is Petitioner Firat Kalayci's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241, along with two motions to expedite. ECF No. 1, 13, 19. Respondent filed a Return, and Petitioner filed a Reply. Respondent has also filed a Motion to Vacate the Court's Order prohibiting Respondent from removing Petitioner during the pendency of this action. ECF No. 16. Petitioner filed an opposition to the Motion to Vacate. ECF No. 17.

**I.    BACKGROUND**

Petitioner is a citizen of Turkey who entered the United States without inspection

near Tecate, California on April 10, 2023. ECF No. 14 at 1. He was served with a Notice to Appear, charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, and he was afforded an opportunity to apply for asylum-related relief. On August 22, 2025, an immigration judge conducted a bond redetermination hearing and found that Petitioner was not a danger to the community. Petitioner was granted bond in the amount of $11,500 to minimize any flight risk. ECF No. 1-4 Exhibit A at 5. However, the bond order was later vacated on jurisdictional grounds in light of the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.*

On December 16, 2025, an immigration judge granted Petitioner's request for voluntary departure. *Id.* at 2. At that hearing, Petitioner's counsel indicated Petitioner waived appeal. *Id.* On January 23, 2026, Petitioner filed a motion to reopen his removal proceedings, asserting that his waiver of appeal was not knowing, intelligent, or voluntary and that his prior counsel's representation was ineffective. On March 10, 2026, an immigration judge denied Petitioner's motion, finding Petitioner "failed to demonstrate that his prior counsel's representation was ineffective[.]" ECF No. 14, Exhibit 2. The immigration judge then entered a Final Order of Removal for Petitioner. On April 3, 2026, Petitioner filed an appeal of the immigration judge's order with the BIA.

Respondents filed a Return on March 31, 2026, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a) because he is now subject to the March 10, 2026 Final Order of Removal. ECF No. 14 at 1. They further argue that Petitioner's detention has not become prolonged because the removal period began March 10, 2026, and his detention was less than 90-days when the Return was filed, which is well below the six-month presumptively reasonable period of further detention. ECF No. 14, 3-4.

On April 7, 2026, Petitioner filed a Reply, arguing that the underlying removal order is not administratively final because he has appealed the denial of the Motion to Reopen to the BIA. ECF No. 15.

On April 21, 2026, Respondents filed a Motion to Vacate Prohibition of Petitioner's

26-cv-642-BJC-BJW

Removal, stating that "the San Diego Field Office of ICE Enforcement and Removal Operations (ERO) has obtained a travel document authorizing Petitioner's travel to Turkey" and removal to Turkey is imminent. ECF No. 16.  In order to effectuate Petitioner's removal, Respondents request that the Court vacate its prior order enjoining them from removing Petitioner and confirm that "Respondent is *not* precluded from removing Petitioner to Turkey during the pendency of this habeas action." *Id.*

In response, Petitioner argues that vacating the existing protection against removal during the pendency of this habeas action would cause prejudice to him. ECF No. 17 at 1. In addition, Petitioner argues that it would be improper for the Court to vacate the prior Order while he has a pending BIA appeal challenging the waiver underlying his Final Order of Removal proceedings. *Id.* at 4.

## II.    LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; see also *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.")  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## III.    DISCUSSION

In his Petition, Petitioner seeks immediate release or a constitutionally adequate bond hearing on the basis that his detention has become prolonged.  He contends he has been in custody since July 23, 2025, without any current individualized finding that he is dangerous or a flight risk.[1]  The Court agrees.

---

[1] Petitioner argues at length that he is entitled to release due to medical neglect and unconstitutional conditions of confinement. ECF No. 1 at 6; ECF No. 13 at 2; 15 at 6; ECF No. 17 at 4; ECF No. 19 at 3. However, Petitioner's allegations concerning his medical care and conditions of confinement are not proper grounds for relief pursuant to § 2241. *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016)("We have long held that prisoners may not challenge the mere conditions of confinement in habeas corpus.")

26-cv-642-BJC-BJW

The procedural posture of this case is unique. Petitioner entered the United States without inspection and was granted bond. However, bond was later revoked. Petitioner was then granted voluntary departure, but he later challenged his waiver of appeal to the BIA. Subsequently, the immigration court issued a Final Order of Removal, but Petitioner claims it is invalid due to the defective waiver.

The first issue before the Court is whether Petitioner's pending BIA appeal means that his order of deportation is not final. If there is no Final Order of Removal, section 1231 does not dictate mandatory detention, as Respondents argue. The parties agree that Petitioner has a pending BIA appeal and neither has provided any evidence that the appeal has been concluded. Accordingly, the Court concludes that Petitioner's order of removal is not yet "administratively final" and "he is not subject to mandatory detention as the removal period has not yet begun." *Fuga v. Warden*, 2026 WL 1396685, *3 (E.D.Cal. May 19, 2026)("Because the BIA accepted Petitioner's appeal and such appeal remains pending, Petitioner's order of deportation is not final and cannot be executed while the appeal is pending."); 8 C.F.R. § 1003.6(a). Typically, the voluntary departure period "does not begin to run until administrative appeals are concluded." *Dada v. Mukasey*, 554 U.S. 1, 10–11 (2008); 8 U.S.C. § 1101(a)(47)(B) ("The order [of deportation] ... shall become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]").

Accordingly, Petitioner is detained pursuant to 8 U.S.C. § 1225 as an arriving noncitizen detained at the border. *See* 8 U.S.C. § 1225(b). Many courts have determined that prolonged detention without a constitutionally adequate bond hearing can violate a detainee's due process rights, even if held under § 1225. *Sandesh v. LaRose*, 2026 WL 622690, *2 (S.D. Cal. March 5, 2026)(collecting cases). When considering whether a Petitioner's due process rights have been violated in these circumstances, district courts apply the six-factor test announced in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Under *Banda*, the court weighs: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays

26-cv-642-BJC-BJW

in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."

The Court first considers Petitioner's length of detention, the "most important factor." *Banda,* 385 F.Supp 3d at 1118. Petitioner claims that he has been detained for almost 12 months, since July 23, 2025. However, Respondents argue that the length of detention should run from March 10, 2026, when the Final Order of Removal was issued. However, Petitioner's appeal to the BIA casts the finality of that Order into doubt. Therefore, the Court agrees with Petitioner. The last bond hearing conducted in Petitioner's case was August 22, 2025, over 11 months ago. There has been no meaningful review of his detention since that time. Thus, this factor weighs in his favor. See, *Hoyos Amado v. U.S. Dept. Justice*, 2025 WL 3079052, at *5 (S.D. Cal. No. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases).

The second *Banda* factor also weighs in Petitioner's favor because the duration of future detention is unclear in light of Petitioner's pending BIA appeal. Although Respondents argue that Petitioner can be removed immediately because the San Diego ERO Office has travel documents authorizing Petitioner's removal to Turkey, the validity of the Final Order of Removal is the basis for the appeal. Removal is generally paused while a petitioner has an ongoing appeal to the BIA, unless the individual waives appeal. 8 C.F.R. § 1003.6(a) (2007) ("[T]he decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending . . .")  Here, Petitioner has filed an appeal with the BIA challenging the sufficiency of his waiver of appeal, therefore, removal during pendency of this action is generally prohibited.

The third *Banda* factor looks to the conditions of confinement. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the

26-cv-642-BJC-BJW

stronger his argument that he is entitled to a bond hearing." *Banda,* 385 F. Supp. 3d at 1119 (citation omitted). Courts have recognized that the conditions at Otay Mesa Detention Center are "indistinguishable from penal confinement." See *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D.Cal. Nov. 4, 2020); *Amado*, 2025 WL 3079052, at *6. Accordingly, the Court finds that the third factor also weighs in favor of Petitioner.

The Court considers the fourth and fifth *Banda* factors together and finds they are neutral because there are no apparent delays in the removal proceedings caused by Petitioner or Respondents. As to the sixth, and final, factor, it is unclear whether there is a likelihood that the removal proceedings will result in a final order of removal under the present circumstances. Therefore, this factor does not weigh for or against Petitioner.

In sum, Petitioner's length of detention without a meaningful individualized determination justifying his continuing custody violates the constitution under the *Banda* factors.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court:

(1) **GRANTS** the habeas petition in part and **ORDERS** that Respondents provide Petitioner with a constitutionally adequate bond hearing **no later than July 31, 2026**.

(2) **DENIES** Petitioner's Motions to Expedite as moot [ECF Nos. 13, 19]; and

(3) **DENIES** Respondents Motion to Vacate and

(4) **PROHIBITS** Respondents from removing Petitioner until the conclusion of the bond hearing.

(5) The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 17, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

6

26-cv-642-BJC-BJW